UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRIMBALL                                          CIVIL ACTION

VERSUS                                            NO: 10-3657

NEW ORLEANS CITY, ET AL.                          SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is Plaintiff Renaldo Grimball ("Mr. Grimball's) Motion for Default Judgment as to Prime Restaurant Group of New Orleans, LLC **(Rec. Doc. 50).** Plaintiff's motion is unopposed, and it is set for hearing on the briefs without oral argument on July 18, 2012. Having considered the motion, the record, and the applicable law, the Court finds that Plaintiff's motion should be **DENIED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of claims under 42 U.S.C. § 1983 and independent state law tort claims for assault and battery. On October 16, 2010, plaintiff Renaldo Grimball filed suit in this Court, naming as defendants the City of New Orleans, the New

1

Orleans Police Department, Sean West, Prime Restaurant Group of New Orleans, LLC, Aaron Hagman, and John Doe, the hypothetical supervisors of defendant Sean West. (Rec. Doc. 1) Mr. Grimball's complaint alleges that while working at his then place of employment, U.S. Prime Steakhouse, his manager Aaron Hagman ("Mr. Hagman"), and New Orleans Police Officer Sean West ("Officer West") conspired to falsely accuse plaintiff of smoking marijuana on the job, and to assault and humiliate plaintiff under the guise of enforcing criminal drug laws. (Rec. Doc. 1, pp. 4-6) Specifically, plaintiff claims that after being prompted by Mr. Hagman, Officer West pointed his gun at plaintiff's head, forcefully pushed plaintiff against the freezer, and frisked plaintiff while Mr. Hagman gathered the employees of the restaurant to watch. (Rec. Doc. 1, pp. 4-6) Plaintiff's complaint alleges that as a result of Mr. Hagman and Officer West's actions he suffered embarrassment, emotional distress, anxiety, and physical injury to his back and shoulders. (Rec. Doc. 1, p. 5) Plaintiff served defendant Prime Restaurant Group of New Orleans ("Prime") with the complaint on February 9, 2011. (Rec. Doc. 6) To date, Prime has filed no responsive pleadings, and on December 21, 2011, the Clerk of Court entered default against Prime. (Rec. Doc. 29) On June 27, 2012, the plaintiff filed the instant motion

requesting that a default judgment be entered as to Prime (Rec. Doc. 50). Plaintiff's suit against the City of New Orleans, the New Orleans Police Department, and Officer West is still pending in this Court.

**THE PARTIES' ARGUMENTS**

Plaintiff argues that default judgment should be entered under Federal Rule of Civil Procedure 55. Plaintiff asserts that as the requisite amount of time has passed since the Clerk's Entry of Default, it is appropriate for the Court to enter a default judgment against Prime. Specifically, plaintiff notes that he is seeking tort claims for assault and battery against Prime under the tort doctrine of respondeat superior. Plaintiff argues that a review of Louisiana case law indicates that he is owed $10,000 in damages for the embarrassment, emotional distress, anxiety, and physical injury that he suffered. (Rec. Doc. 50-1, pp. 6-7) Additionally, plaintiff claims that he is owed $1870.50 in lost wages for the two months that he was unemployed as a result of leaving his job at Prime after the alleged incident. (Rec. Doc. 50-1, p. 7) Plaintiff reaches this figure by assuming that he was paid at the federal minimum wage of $7.25 per hour and working an average of thirty (30) hours per week for 8.6 weeks. (Rec. Doc. 50-1, p. 7)

**DISCUSSION**

Entry of default judgment lies within the discretion of the district court. Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001)(citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir.1977)). A party is not entitled to default judgment as a matter of right, even where the defendant is technically in default. Lewis, 236 F.3d at 767(citing Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996)). Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. Id. at 767 (citing Sun Bank of Oscala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir. 1989)).If the possibility exits that entry of default judgment against one defendant risks inconsistency with a later judgment concerning the other defendants in the action, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants. See Frow v. De La Vega, 82 U.S. 552, 554 (1872).

The Court finds that a default judgment against Prime is not appropriate at the current time. Because plaintiff's claims against the City of New Orleans, the New Orleans Police Department, and Officer West are still on-going, entry of a default judgment against Prime would be premature. In particular,

4

Officer West is alleged to have acted with the defaulted defendant's employee to cause the same damages. However, the claims against Officer West and the above-named defendants have not been adjudicated. A contrary determination upon adjudication of those claims could result in inconsistent judgments. Therefore, the Court elects not to enter a default judgment at this time. The Court notes, however, that should plaintiff be successful in his action against the non-defaulting defendants, the judgment for the plaintiff will be entered as to the defaulting defendant as well.

For the foregoing reasons, **IT IS ORDERED** that the plaintiff's motion is **DENIED**.

New Orleans, Louisiana this 24th day of July, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE